UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

DAWN T.,

                Plaintiff,

v.

ANDREW M. SAUL,
Commissioner of Social Security,

                Defendant.

CASE NO. C19-0161-MAT

ORDER RE: SOCIAL SECURITY
DISABILITY APPEAL

Plaintiff proceeds through counsel in her appeal of a final decision of the Commissioner of the Social Security Administration (Commissioner). The Commissioner denied Plaintiff's application for Supplemental Security Income (SSI) after a hearing before an Administrative Law Judge (ALJ). Having considered the ALJ's decision, the administrative record (AR), and all memoranda of record, this matter is REVERSED and REMANDED for further administrative proceedings.

## **FACTS AND PROCEDURAL HISTORY**

Plaintiff was born on XXXX, 1974.[1] She has a GED, and has worked as a cashier and stocker in a convenience store, and as an ice cream packager. (AR 34, 44-45, 220.)

---

[1] Dates of birth must be redacted to the year. Fed. R. Civ. P. 5.2(a)(2) and LCR 5.2(a)(1).

ORDER RE: SOCIAL SECURITY
DISABILITY APPEAL
PAGE - 1

1   Plaintiff applied for SSI in September 2015. (AR 176-81.) That application was denied
2   and Plaintiff timely requested a hearing. (AR 92-100, 106-19.)
3   On October 26, 2017, ALJ Tom Morris held a hearing, taking testimony from Plaintiff and
4   a vocational expert (VE). (AR 32-67.) On May 4, 2016, the ALJ issued a decision finding Plaintiff
5   not disabled. (AR 15-31.) Plaintiff timely appealed. The Appeals Council denied Plaintiff's
6   request for review on November 28, 2018 (AR 1-6), making the ALJ's decision the final decision
7   of the Commissioner. Plaintiff appealed this final decision of the Commissioner to this Court.

## JURISDICTION

The Court has jurisdiction to review the ALJ's decision pursuant to 42 U.S.C. § 405(g).

## DISCUSSION

The Commissioner follows a five-step sequential evaluation process for determining whether a claimant is disabled. *See* 20 C.F.R. §§ 404.1520, 416.920 (2000). At step one, it must be determined whether the claimant is gainfully employed. The ALJ found Plaintiff had not engaged in substantial gainful activity since September 8, 2015, the application date. (AR 17s.) At step two, it must be determined whether a claimant suffers from a severe impairment. The ALJ found severe Plaintiff's reconstructive surgery of weight-bearing joint, affective disorders, substance abuse disorder in reported remission, personality disorder, and obesity. (AR 17-18.) Step three asks whether a claimant's impairments meet or equal a listed impairment. The ALJ found that Plaintiff's impairments did not meet or equal the criteria of a listed impairment. (AR 18-19.)

If a claimant's impairments do not meet or equal a listing, the Commissioner must assess residual functional capacity (RFC) and determine at step four whether the claimant has demonstrated an inability to perform past relevant work. The ALJ found Plaintiff capable of

performing a range of light work, with additional limitations: "she can stand and/or walk 5 hours in an 8-hour work day or there can be a sit/stand option." (AR 19.) She can frequently push and pull with her right lower extremities. She can frequently climb ramps and stairs. She can frequently crawl and balance. She should avoid concentrated exposure to hazards such as dangerous machinery and unprotected heights. She can understand and remember simple, repetitive tasks. She should have no contact with the general public for work tasks but there can be incidental contact. She cannot perform collaborative work tasks. She can have occasional changes to the work environment "with one-day notice for any material changes." (*Id*.) She is not able to perform at a production rate pace (e.g., assembly line work as where the pace is mechanically controlled) but can perform goal-oriented work where the worker has more control over the pace. She may be off task up to 10 percent over the course of an eight-hour workday. With that assessment, the ALJ found Plaintiff unable to perform past relevant work.[2] (AR 35.)

If a claimant demonstrates an inability to perform past relevant work, the burden shifts to the Commissioner to demonstrate at step five that the claimant retains the capacity to make an adjustment to work that exists in significant levels in the national economy. With the assistance of the VE, the ALJ found Plaintiff capable of transitioning to other representative occupations, such as final inspector, hand bander, and small product assembler I. (AR 25-26.)

This Court's review of the ALJ's decision is limited to whether the decision is in accordance with the law and the findings supported by substantial evidence in the record as a whole. *See Penny v. Sullivan*, 2 F.3d 953, 956 (9th Cir. 1993). Substantial evidence means more

---

[2] Because this case must be remanded for reasons explained *infra*, the ALJ should reconsider the step-four findings on remand, because the jobs listed in this portion of the decision do not match the record. (*Compare* AR 25 *with* AR 48-49.)

ORDER RE: SOCIAL SECURITY
DISABILITY APPEAL
PAGE - 3

than a scintilla, but less than a preponderance; it means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Magallanes v. Bowen*, 881 F.2d 747, 750 (9th Cir. 1989). If there is more than one rational interpretation, one of which supports the ALJ's decision, the Court must uphold that decision. *Thomas v. Barnhart*, 278 F.3d 947, 954 (9th Cir. 2002).

Plaintiff argues the ALJ erred in (1) assessing her RFC, (2) discounting her subjective symptom testimony, and (3) assessing certain medical evidence and opinions.[3] The Commissioner argues that the ALJ's decision is supported by substantial evidence and should be affirmed.

## RFC

Plaintiff argues that the ALJ's RFC assessment is erroneous because the ALJ's finding that she would be off-task 10% of the time is arbitrary and designed to comply with the VE's testimony that being off-task 15% of the time would render a person unemployable. Dkt. 10 at 13. As noted by the Commissioner, however, the ALJ asked the VE about the impact of being off-task 10% of the time *before* the VE identified the 15% threshold, and therefore does not appear to have been crafted in response to the VE testimony. Dkt. 16 at 15 (citing AR 62). Furthermore, an RFC finding need not directly correspond to a specific medical opinion. *See Chapo v. Astrue*, 682 F.3d 1285, 1288 (10th Cir. 2012). The Commissioner contends that the ALJ's finding regarding being off-task is consistent with his finding that Plaintiff has moderate limitations in her ability to concentrate, persist, and maintain pace (Dkt. 16 at 15), and Plaintiff did not file a reply brief or otherwise show that the ALJ's finding was *inconsistent* with the record. Because an ALJ may

---

[3] Some of Plaintiff's challenge to the RFC assessment reiterates her challenge to the ALJ's discounting of certain medical opinions (Dkt. 10 at 13-14), and the Court need not address these arguments separately.

ORDER RE: SOCIAL SECURITY
DISABILITY APPEAL
PAGE - 4

account for medical opinions by assessing RFC limitations consistent with, but not identical to limitations referenced in the opinion, and Plaintiff has not shown that the ALJ's off-task finding is inconsistent with the medical evidence, she has failed to show error in this aspect of the ALJ's decision. *See Turner v. Comm'r of Social Sec. Admin.*, 613 F.3d 1217, 1222-23 (9th Cir. 2010).

Plaintiff also contends that the ALJ's RFC assessment is erroneous because it fails to fully account for the opinion of examining physician James Symonds, M.D., which the ALJ purported to credit, that Plaintiff required "frequent changes in the sitting and standing position." (AR 359.) The ALJ did reference a sit/stand option in the RFC assessment, albeit as an alternative: "[Plaintiff] can stand and/or walk 5 hours in an 8-hour work day or there can be a sit/stand option." (AR 19.) The VE did not base his testimony on the inclusion of a sit/stand option, and only referenced the ALJ's standing/walking limitations. (AR 65-66.) Thus, the record does not establish that the jobs identified at step five are consistent with all of the limitations identified by Dr. Symonds and purportedly credited by the ALJ. The inclusion of a sit/stand option may also impact the job numbers available at step five, as well; because the VE did not explicitly address a sit/stand option, he did not address any potential erosion of job numbers for that limitation. Accordingly, this case must be remanded for the ALJ to reconsider Dr. Symonds' opinion and either credit it or provide legally sufficient reasons to discount it. If necessary, the ALJ shall obtain additional vocational testimony to clarify the impact of a sit/stand option on the step-five findings.

<u>Subjective symptom testimony</u>

The ALJ discounted Plaintiff's subjective testimony for a number of reasons: (1) her allegations of physical limitations caused by her ankle problems were inconsistent with the treatment record; (2) her allegations of mental limitations were inconsistent with her minimal mental health treatment; and (3) her criminal record, childcare schedule, and situational stressors

cause barriers to employment, rather than her medically determinable impairments. (AR 20-23.) Plaintiff argues that these reasons are not clear and convincing, as required in the Ninth Circuit. *Burrell v. Colvin*, 775 F.3d 1133, 1136-37 (9th Cir. 2014).

The Court agrees with Plaintiff that the ALJ erred in identifying non-disability-related reasons to explain Plaintiff's unemployment, because no medical provider suggested as much and there is no other evidence in the record to support the ALJ's speculation. This portion of the ALJ's findings is inconsistent with Social Security Ruling (SSR) 16-3p, which directs ALJs to "limit their evaluation to the individual's statements about his or her symptoms and the evidence in the record that is relevant to the individual's impairments." 2017 WL 5180304, at *11 (Oct. 25, 2017). In the absence of evidence suggesting a link between Plaintiff's criminal history, childcare schedule, or situational stressors, the ALJ erred in speculating as to a connection. SSR 86-8, 1986 WL 68636, at *8 (Jan. 1, 1986) ("Reasonable inferences may be drawn, but presumptions, speculations and suppositions should not be substituted for evidence."). Although the ALJ did provide other reasons to discount Plaintiff's subjective testimony, the ALJ should nonetheless reconsider Plaintiff's testimony on remand because his reasoning was tainted by this error.

### Medical evidence

Plaintiff challenges the ALJ's assessment of a number of medical opinions, each of which the Court will consider in turn.

<u>Legal standards</u>

In general, more weight should be given to the opinion of a treating physician than to a non-treating physician, and more weight to the opinion of an examining physician than to a non-examining physician. *Lester v. Chater*, 81 F.3d 821, 830 (9th Cir. 1996). Where not contradicted by another physician, a treating or examining physician's opinion may be rejected only for "'clear

and convincing'" reasons. *Id.* (quoting *Baxter v. Sullivan*, 923 F.2d 1391, 1396 (9th Cir. 1991)). Where contradicted, a treating or examining physician's opinion may not be rejected without "'specific and legitimate reasons' supported by substantial evidence in the record for so doing." *Id.* at 830-31 (quoting *Murray v. Heckler*, 722 F.2d 499, 502 (9th Cir. 1983)). The ALJ may reject physicians' opinions "by setting out a detailed and thorough summary of the facts and conflicting clinical evidence, stating his interpretation thereof, and making findings." *Reddick v. Chater*, 157 F.3d 715, 725 (9th Cir. 1998) (citing *Magallanes*, 881 F.2d at 751). Rather than merely stating her conclusions, the ALJ "must set forth [her] own interpretations and explain why they, rather than the doctors', are correct." *Id.* (citing *Embrey v. Bowen*, 849 F.2d 418, 421-22 (9th Cir. 1988)).

Lay witness testimony as to a claimant's symptoms or how an impairment affects ability to work is competent evidence and cannot be disregarded without comment. *Van Nguyen v. Chater*, 100 F.3d 1462, 1467 (9th Cir. 1996). The ALJ can reject the testimony of lay witnesses only upon giving germane reasons. *Smolen v. Chater*, 80 F.3d 1273, 1288-89 (9th Cir. 1996).

<u>Eunice Ko, M.D.</u>

Dr. Ko, Plaintiff's treating primary care physician, completed a DSHS form describing Plaintiff's ability to work in October 2017. (AR 453-55.) Dr. Ko stated that Plaintiff's only condition was major depression, and she indicated that Plaintiff could not work or participate in work training at all due to the "level of mental health treatment needed to improve her mood and cognitive focus", but that she could participate "likely in the next calendar year [—] she can start in late 2018." (AR 453.)

The ALJ found that Dr. Ko's opinion was unsupported and unexplained. (AR 23.) Specifically, the ALJ found that although Dr. Ko listed depression as Plaintiff's only condition, "the treatment notes show that the claimant endorsed minimal depression." (AR 23.) On the

contrary, Plaintiff's treatment notes repeatedly mention depression symptoms on a number of occasions (*see, e.g.*, AR 339, 343, 396, 410-11, 421), although a psychiatric examiner in June 2017 found that Plaintiff did not satisfy the criteria for major depression (AR 447).

The Commissioner argues that even if the ALJ did err in discounting Dr. Ko's opinion, this error is harmless because Dr. Ko did not describe any functional limitations that the ALJ failed to account for, and because even if the ALJ had credited Dr. Ko's opinion that Plaintiff was busy with treatment during the traditional daytime office hours, she could have nonetheless worked a non-traditional shift during other parts of the day. Dkt. 16 at 3 n.1 (citing *Goodman v. Berryhill*, 741 Fed. Appx. 530, 530 (9th Cir. Nov. 7, 2018)). Plaintiff did not file a reply brief or otherwise show why the ALJ's rejection of Dr. Ko's opinion is harmful.

Indeed, Dr. Ko fails to identify any particular functional limitation resulting from Plaintiff's depression, and thus the Court agrees with the Commissioner that any error in the ALJ's rejection of Dr. Ko's opinion is harmless. *See, e.g., Turner v. Comm'r of Social Sec. Admin.*, 613 F.3d 1217, 1223 (9th Cir. 2010) (ALJ not required to provide clear and convincing reasons to reject physician's statement when statement did not assess any limitations).

<u>Kathleen Andersen, M.D.</u>

Dr. Andersen examined Plaintiff in February 2016 and wrote a narrative report describing her symptoms and limitations. (AR 362-68.) Dr. Andersen wrote that she "cannot picture [Plaintiff] successfully finding and maintaining employment[,]" and opined that Plaintiff would have marked difficulty learning tasks, concentrating on tasks, persisting at tasks, and interacting appropriately with co-workers. (AR 368.) Dr. Andersen also found that Plaintiff would be impaired in her ability to solve problems and handle conflict (even constructive criticism), and that she would be disorganized, inattentive, impulsive, and irritable. (*Id*.) The ALJ found Dr.

Andersen's conclusions to be contradicted by subsequent evidence showing that Plaintiff was able to regain custody of her children and participate in online classes. (AR 24.) The ALJ also found that Plaintiff's presentation during Dr. Andersen's evaluation was more extreme than her presentation "throughout the majority of the other treatment notes." (*Id*.)

Plaintiff contends that her ability to regain custody of her children and participate in online classes is not inconsistent with the limitations described by Dr. Andersen. Dkt. 10 at 6. She argues that regaining custody was only a matter of maintaining sobriety, but the record describes programs and services that Plaintiff was required to complete in order to regain custody, indicating that maintaining sobriety was not the sole criterion. (AR 330, 386, 411, 422, 424, 433.) Plaintiff's ability to follow through with the appointments and paperwork required for this process is reasonably inconsistent with the concentration, persistence, and organization limitations described by Dr. Andersen. Furthermore, Plaintiff enrolled in multiple online classes, which would require more organization and concentration than Dr. Andersen described. (AR 420, 422.)

The record also corroborates the ALJ's finding that Plaintiff often presented with less extreme symptoms than she did during Dr. Andersen's evaluation. (*See, e.g.*, AR 332 (describing normal speech, presentation; good attitude; normal affect), 343 (same), 382 (normal affect), 384 ("mildly pressured speech but interrupt[i]ble" with "cooperative, euthymic mood and affect"), 390 ("normal affect"), 398 ("normal affect and mood stable"), 402 ("cooperative, irritable"), 406 ("normal affect and mood stable"), 410 ("cooperative, euthymic mood and affect"), 420 ("cooperative, euthymic mood and affect, rapid speech, normal for her"), 423 ("answering questions without difficulty"), 425 ("normal affect"), 428 ("mildly pressured speech"), 432 ("[Plaintiff] was talkative – jumping from one thing to the next"), 435 ("continues to jump from thought to thought"), 438 ("[Plaintiff] talking at slower pace, less scattered thoughts").) Even

during an evaluation wherein Plaintiff presented as scattered with "very fast and very tangential" thought processes (AR 447), the evaluator concluded that all of Plaintiff's symptoms were well-controlled by medication. (AR 448.) In light of this record, the ALJ did not err in finding that Plaintiff's presentation to Dr. Andersen failed to reflect her longitudinal functioning, or in discounting Dr. Andersen's opinion on that basis.

Geordie Knapp, Psy.D.

Dr. Knapp examined Plaintiff in August 2014 and completed a DSHS form opinion describing her symptoms and limitations. (AR 329-33.) The ALJ noted that Dr. Knapp's examination took place before Plaintiff's application date, and he further found Dr. Knapp's evaluation to be influenced by situational stressors (child custody issues and transitional housing) and inconsistent with the mental status examination. (AR 24.)

As explained above, the Court finds that the ALJ's interpretation of the impact of Plaintiff's situational stressors is speculative and not supported by substantial evidence. Because this erroneous reasoning tainted the ALJ's assessment of Dr. Knapp's opinion, the ALJ shall reconsider Dr. Knapp's opinion on remand.

Jamie Wulff, LMHC

Ms. Wulff completed a disability documentation request form for DSHS, indicating that Plaintiff was unable to work, look for work, or prepare for work due to her "[d]ifficulty following instructions, difficulty concentrating, difficulty completing job applications. Problems with memory retention, reading and writing, and information gathering. Difficulty remembering and keeping appointments." (AR 369.)

The ALJ gave little weight to this opinion, finding it inconsistent with treatment notes showing that Plaintiff improved with therapy, can generally interact appropriately with her care

providers, and can care for her children (including one disabled child). (AR 24.) Plaintiff argues that none of the activities cited by the ALJ contradicts any aspect of Ms. Wulff's opinion. Dkt. 10 at 10. Although it is difficult to ascertain the degree to which Ms. Wulff found Plaintiff to be limited because her opinion mentions an unspecified amount of "difficulty" and "problems," the ALJ's reasoning nonetheless fails to identify any particular inconsistency between Ms. Wulff's statement and the record. On remand, the ALJ shall reconsider Ms. Wulff's statement.

<u>Selin Caka, MA, LMFTA</u>

Ms. Caka completed a disability documentation request form for DSHS, indicating that Plaintiff was unable to work, look for work, or prepare for work due to her "history of violent outbursts when provoked, which is precipitated by a general distrust for people. When experiencing symptoms, client reports extreme irritability, lack of focus, insomnia, and feelings of hopelessness." (AR 352-54.) Ms. Caka also opined that Plaintiff was also limited to sedentary work. (AR 353.)

The ALJ gave little weight to Ms. Caka's opinion. (AR 24.) First, the ALJ noted that Ms. Caka's opinion regarding Plaintiff's physical limitations was outside Ms. Caka's expertise and treatment context. (*Id*.) The ALJ also noted that Plaintiff testified that she does not get physical with others (contrary to Ms. Caka's description of Plaintiff's "violent outbursts"), and found that the social limitations included in the RFC assessment accommodate Plaintiff's social deficits as established by the record. (AR 24-25.)

Plaintiff concedes that Ms. Caka was unqualified to offer an opinion regarding her physical limitations. Dkt. 10 at 11. She goes on to argue that the ALJ nonetheless erred in discounting Ms. Caka's opinion about her mental limitations because Ms. Caka did not explain the meaning of "violent outbursts," and she could have been referring to verbally abusive behavior rather than

ORDER RE: SOCIAL SECURITY
DISABILITY APPEAL
PAGE - 11

physically violent behavior. Dkt. 10 at 11-12. Even if that is a reasonable interpretation, Plaintiff has not shown that the ALJ's interpretation of "violent outbursts" to refer to physically violent behavior is unreasonable. Accordingly, Plaintiff has not shown error in the ALJ's decision in this respect. *See Morgan v. Comm'r of Social Sec. Admin.*, 169 F.3d 595, 599 (9th Cir. 1999) ("Where the evidence is susceptible to more than one rational interpretation, it is the ALJ's conclusion that must be upheld."). The ALJ's reasonable finding of inconsistency between Ms. Caka's statement and Plaintiff's hearing testimony is a germane reason to discount Ms. Caka's statement. *See Lewis v. Apfel*, 236 F.3d 503, 511-12 (9th Cir. 2001) (germane reasons for discounting lay testimony included inconsistency with medical evidence, evidence of claimant's activities, and claimant's reports).

## **CONCLUSION**

For the reasons set forth above, the Commissioner's decision is REVERSED and REMANDED for further administrative proceedings. On remand, the ALJ shall reconsider the opinions of Dr. Symonds, Dr. Knapp, and Ms. Wulff, as well as Plaintiff's subjective testimony and the step-four findings, and reconsider any other portion of the decision as necessary.

DATED this 21st day of November, 2019.

Mary Alice Theiler
United States Magistrate Judge